**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 150, AFL-CIO,

        Plaintiff,

        v.

MICHAEL HOGAN, individually,
d/b/a/ HOGAN EXCAVATING

        Defendant.

No. 22 CV 5717

Judge Georgia N. Alexakis

**MEMORANDUM OPINION AND ORDER**

On October 18, 2022, plaintiff International Union of Operating Engineers, Local 150, AFL-CIO ("Local 150") sued defendant Michael Hogan to enforce two grievance awards arising from their collective bargaining agreement. [1]. Those awards have since been discharged in bankruptcy, and Local 150 moves to dismiss Hogan's counterclaim that the agreement underlying Local 150's suit was invalid. [11]; [17]. For the following reasons, Local 150's motion to dismiss is granted.

## I.    Legal Standards

A defendant may move to dismiss an action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of proving that jurisdiction is proper and must allege facts sufficient to plausibly suggest that subject matter jurisdiction exists. *Silha v. ACT, Inc.*, 807 F.3d 169, 173–74 (7th Cir. 2015).

When analyzing a motion under Rule 12(b)(1), a court must construe all factual allegations as true and draw all reasonable inferences in the plaintiff's favor, but a court need not accept legal conclusions or conclusory allegations. *Virnich v. Vorwald*,

664 F.3d 206, 212 (7th Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 680–82 (2009)); *Silha*, 807 F.3d at 174.

## II.    Background

Hogan runs Hogan Excavating, a sole proprietorship in the business of excavation at construction sites. [11] at 2, ¶ 4. Local 150 is a labor organization representing operating engineers. *Id.* at 1, ¶ 3. In 2013, Hogan and Local 150 executed an agreement adopting a collective bargaining agreement ("the agreement"). *Id.* at 2, ¶ 5. Among other things, the agreement sets out grievance and arbitration procedures for Hogan and Local 150. *Id.* at 2, ¶¶ 5, 7. The parties dispute whether this agreement was under § 9(a) or § 8(f) of the National Labor Relations Act ("the Act").[1] [17] at 1; [50] at 6–7.

A dispute arose between Local 150 and Hogan after Hogan operated an excavator on a job site on October 28, 2021, resulting in a non-union member performing work in violation of the agreement. [1] at 5, ¶ 8. Local 150 brought this dispute through the grievance process and was ultimately awarded $4,359.29 in lost wages by the Joint Grievance Committee—which oversees grievances under the agreement—after a December 1, 2021 hearing. *Id.* at 5–6, ¶¶ 10–12. Local 150 also grieved a second dispute stemming from Hogan's refusal to allow a union business representative onto the job site on October 28, 2021. *Id.* at 6, ¶ 8. This dispute

---

[1] The salient difference between a § 9(a) agreement and an § 8(f) agreement is that under the former an employer has a duty to bargain after the contract expires and to maintain the status quo during the bargaining, *see Trs. of the Chicago Painters & Decorators Pension Fund v. John Kny Painting & Decorating, Inc.*, 188 F. Supp. 3d 760, 769 (N.D. Ill. 2016), while under the latter, obligations end with the contract, *Iron Workers Tri-State Welfare Plant v. Carter Const., Inc.*, 530 F. Supp. 2d 1021, 1029 (N.D. Ill. 2008).

resulted in the Joint Grievance Committee awarding Local 150 $10,000 at a November 8, 2021 hearing *Id.* at 6–7, ¶¶ 8–11. Hogan never paid this award either. *Id.* at 7, ¶ 12.

For his part, Hogan filed a counterclaim alleging that the agreement had expired on either February 16, 2021 (when he says he gave Local 150 notice of his intent to terminate the agreement) or June 1, 2021 (when the agreement would have expired); regardless, before the October 2021 events that were the basis for Local 150's grievances. [11] at 9, ¶¶ 9–15. Hogan thus asks for a declaratory judgment that the agreement has been terminated. *Id.* at 9–11, ¶¶ 1–12. In his counterclaim, Hogan characterizes this as "a dispute under Section 8(f) of the NLRA … concerning the effect of [Hogan's] repudiation of [his] Pre-hire Agreement with Local 150." [11] at 10, ¶ 4.

Hogan subsequently filed for Chapter 7 bankruptcy, and in May 2024 this case was stayed pending the resolution of that proceeding. [29], [30], [31]. The bankruptcy has resolved, and parties agree that Hogan's debt to Local 150 from the grievance awards—which formed the basis for Local 150's claim—were discharged. [41] at 5; [42] at 3; [50] at 4, ¶ 8. Local 150 has conceded that its claims are moot in light of the bankruptcy discharge of the grievance awards. [41] at 3, 5. But owing to Hogan's counterclaim, the parties have been unable to agree to voluntarily dismiss the case. [41] at 7; [46]; [47].

III.   **Analysis**

Local 150 challenges the Court's subject matter jurisdiction, so the Court begins there; absent jurisdiction, the Court must dismiss the counterclaim on that

basis and go no further. *See Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017).
Hogan argues that this Court has jurisdiction courtesy of three sources: 29 U.S.C.
§ 185(a), 28 U.S.C. § 2201, and 28 U.S.C. § 1331 . [11] at 10. The Court disagrees as
to each one.

Hogan's argument for jurisdiction under § 301 is self-defeating. It is well-
established that "[t]he § 301 grant of jurisdiction [to federal district courts] is
extremely limited." *Teamsters Nat. Auto. Transporters Indus. Negotiating Comm. v.
Troha*, 328 F.3d 325, 329 (7th Cir. 2003). It encompasses only suits "*filed because a
contract has been violated*" and thus does not include "suits that claim a contract is
invalid." *Textron Lycoming Reciprocating Engine Div., Avco Corp. v. United Auto.,
Aerospace, Agric. Implement Workers of Am., Int'l Union*, 523 U.S. 653, 657 (1998).
Hogan therefore must identify a contract violation to establish § 301 jurisdiction.

The only contract violation Hogan alleges is that "[d]espite [Hogan] abiding by
the terms of the labor agreement by providing timely notice of termination, Local 150
ignored the agreement (violating it) by refusing to acknowledge termination and
continuing with quasi legal proceedings at its Joint Grievance Committee." [50] at 5,
¶ 12. But if Hogan is correct that the contract is terminated, then there is no contract
for Local 150 to violate, and the Court does not have jurisdiction over his claim under
§ 301. See *Pantoja-Cahue v. Ford Motor Credit Co.*, 375 Ill. App. 3d 49, 59–60 (1st
Dist. 2007) (party "cannot be held liable for violating the terms of a contract that does
not exist"). Likewise, if Hogan is wrong and there *was* a contract, then the Court does
not see how refusing to acknowledge the termination of a still-valid contract could

violate that contract. *C.f. J.F. Edwards Const. Co. v. Int'l Union of Operating Eng'rs, Loc. Union No. 150, AFL-CIO*, No. 03 C 6058, 2004 WL 1444874, at *3 (N.D. Ill. June 28, 2004) ("[T]he mere allegation that an employer violated a collective bargaining agreement by refusing to recognize the agreement is insufficient to confer federal jurisdiction.").[2] Hogan has thus not pleaded facts that give the Court jurisdiction under § 301.

Because 28 U.S.C. § 2201 (the Declaratory Judgment Act) cannot provide an independent basis for subject-matter jurisdiction, *see Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 935 (7th Cir. 2008), Hogan's only remaining basis for federal jurisdiction is the general federal-question jurisdiction statute, *see* 28 U.S.C. § 1331. Hogan argues that the Court has jurisdiction under § 1331 "over a dispute as to whether a collective bargaining agreement is covered by Section 8(f) or 9(a) of the NLRA." [50] at 6, ¶ 16. Local 150 counters that because "this question is representational," jurisdiction is preempted by the NLRA. [52] at 4 (citing *J.F. Edwards*, 2004 WL 1444874, at *2, 4).

Hogan relies chiefly on *Int'l Union of Operating Eng'rs, Loc. 150, AFL-CIO v. Grosshening, Inc.*, No. 20 C 389, 2022 WL 1556379 (N.D. Ill. May 17, 2022), which he argues "found … that this Court had jurisdiction to decide whether an agreement was

---

[2] *J.F. Edwards* continues: "The rationale is that an allegation that an employer refuses to recognize a collective bargaining agreement states a claim for contract formation and validity, and not violation of contract as mandated by the express language of § 301." 2004 WL 1444874, at *3.

an 8(f) *versus* an 9(a) agreement. [50] at 7, ¶ 18.[3] But *Grosshening* does not discuss the issue of subject matter jurisdiction at all, so does not explain why Hogan's counterclaim in the absence of a contract violation confers federal question jurisdiction. This is particularly true given the differences between Grosshening and the instant case: in addition to seeking declaratory relief, the *Grosshening* counterclaimant also directly challenged the arbitration awards the union sought to enforce. *Grosshening*, 2022 WL 1556379, at *2. And unlike the awards here, the awards in *Grosshening* had not been discharged in bankruptcy. *Id.*

*Grosshening* presents another problem for Hogan. *Grosshening* dismissed the counterclaimant's challenges to three of the five awards at issue because they had not been brought within the 90-day limitations period to challenge arbitration awards, and rejected the argument that "the 90-day bar does not apply where a party contests the validity of the contract." *Id.* at *3. Local 150 argues that Hogan's challenge to the validity of the agreement—which he filed in January 2023, more than a year after the grievance awards were determined—is untimely. *See* [17] at 2, ¶ 3; [52] at 3; *see also Sullivan v. Gilchrist*, 87 F.3d 867, 871 (7th Cir. 1996). Hogan is silent on why his claims would be timely. Thus, rather than establish the Court's jurisdiction over Hogan's claim, *Grosshening* instead suggests it is time-barred.

On the issue of subject-matter jurisdiction, Local 150 points the Court to *J.F. Edwards* to argue that it does not exist. [17] at 9, ¶ 20 (citing *J.F. Edwards*, 2004 WL

---

[3] Hogan also contends that Local 150 took an inconsistent position on federal jurisdiction in *Grosshening*. [50] at 7–8, ¶ 18. But the Court has an independent obligation to confirm subject matter jurisdiction and is not bound by parties' arguments on the subject.

1444874, at *2). In that case, the plaintiff "contend[ed] that it properly terminated its collective bargaining agreement with Local 150 and Local 150 claim[ed] that no such proper termination occurred, which in turn depend[ed] on whether the agreement was a § 8(f) or a § 9(a) agreement." *J.F. Edwards*, 2004 WL 1444874, at *3. *J.F. Edwards* concluded that this dispute was "a representation issue that properly belongs to the NLRB" and declined to exercise jurisdiction on that basis. *Id.* at *4.

The reasoning in *J.F. Edwards* is especially persuasive because Hogan characterizes his counterclaim as "a dispute under Section 8(f) of the NLRA." [50] at 10, ¶ 4; 29 U.S.C. § 158(f). This creates a problem for Hogan because "[a]s a general rule, federal courts do not have jurisdiction over activity which is arguably subject to § 7 or § 8 of the NLRA, and they must defer to the exclusive competence of the National Labor Relations Board." *Tri-Gen Inc. v. Int'l Union of Operating Eng'rs, Loc. 150, AFL-CIO*, 433 F.3d 1024, 1034 (7th Cir. 2006) (quoting *Kaiser Steel Corp. v. Mullins*, 455 U.S. 72, 83 (1982)) (cleaned up). It is true that "[f]ederal courts may decide labor law questions that arise as collateral issues in suits brought under independent federal remedies," *id.*, but Hogan has not identified any independent federal-law basis for his counterclaim. And the only authority Hogan cites to establish the Court's jurisdiction over a § 8(f) dispute is *Grosshening*, which as noted above does not discuss jurisdiction at all. [50] at 7–8, ¶ 18.

Hogan therefore has not met his burden of establishing the Court's subject matter jurisdiction over his counterclaim. *Silha*, 807 F.3d at 173–74. And even if Hogan could establish jurisdiction, he has waived any argument that his claim is not

7

time-barred by not responding to Local 150's timeliness arguments. *See Ennin v. CNH Indus. Am., LLC*, 878 F.3d 590, 595 (7th Cir. 2017) ("Failure to respond to an argument generally results in waiver.").

## IV.     Conclusion

Because Hogan has not established the Court's subject matter jurisdiction over his counterclaim, Local 150's motion to dismiss [17] is granted under Rule 12(b)(1). Local 150 already has conceded that its claims are moot in light of the bankruptcy discharge of the grievance awards. [41] at 3, 5. No case or controversy remains for this Court to resolve. This case is therefore terminated.

Georgia N. Alexakis
United States District Judge

Date: 4/25/25

8